United States District Court
For the Northern District of California

| | |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Edward Foster,

    Plaintiff(s),

    v.

Metropolitan Life Insurance Company,

    Defendant(s).

NO. C 03-02644 JW

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT AND DEEMING AS MOOT DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

## I. INTRODUCTION

This lawsuit arises out of an insurance coverage dispute between Plaintiff Edward B. Foster ("Plaintiff") and Defendant Metropolitan Life Insurance Company ("Defendant" or "MetLife"), Plaintiff's life insurer. Presently before this Court is Plaintiff's Motion for Leave to File First Amended Complaint (hereinafter "Plaintiff's Motion," Docket Item No. 46). For the reasons set forth below, this Court GRANTS Plaintiff's Motion.

## II. BACKGROUND

Plaintiff allegedly purchased life insurance from Defendant and complied with all necessary conditions of the policy. (Notice of Removal, Docket Item No. 1, Ex. A ¶ 5.) On or about July or August 2000, Plaintiff claims that Defendant, without notice, cancelled Plaintiff's policy. (Notice of Removal Ex. A ¶ 6.) "Plaintiff [has] requested proof of mailing of pre-cancellation notice of non-payment that Met[Life] states it sent, and no such documents have been produced." (Notice of

Removal Ex. A ¶ 7.)

Through discovery, Plaintiff allegedly has learned more about the circumstances surrounding Defendant's cancellation of Plaintiff's policy. (See Plaintiff's Motion at 2:18-20 ("An Amended Complaint is necessary to better set forth the nature of Plaintiff's position in the dispute, particularly in light [of] said new documents"); Plaintiff's Motion at 2:20-21 ("The records produced (as well as the absence of actual notices) support allegations of waiver and/or estoppel").) Plaintiff now seeks to amend his Complaint to conform it to the newly discovered evidence. Specifically, Plaintiff seeks to amend his Complaint: "1) [t]o provide a better chronology of relevant facts; 2) [t]o incorporate . . . waiver and estoppel [allegations] into [Plaintiff's] Breach of Contract action; and 3) [t]o add a Declaratory Relief action . . . ." (Plaintiff's Motion at 2:6-9.)

Plaintiff originally filed his Motion on July 29, 2004. On November 16, 2004, this Court deemed Plaintiff's Motion as moot, believing that the parties had settled this case. (See Order to Show Cause Regarding Settlement; Order Deeming All Unresolved Motions as Moot, Docket Item No. 70.) Settlement, however, never materialized because Defendant presented inaccurate information to Plaintiff during their settlement conference. (See Order Denying Motion to Enforce Settlement; Setting Hearing Date for Motions, hereinafter "March 17, 2005 Order," Docket Item No. 87, at 2:18-19, 2:22-25.) As a result, this Court reinstated Plaintiff's Motion. (March 17, 2005 Order at 3:1-4.)

### III. STANDARDS

FED. R. CIV. P. 15(a) states that, "[A] party may amend the party's pleading only by leave of court . . . ; and leave shall be freely given when justice so requires." "This policy is to be applied with 'extreme liberality.'" WILLIAM W. SCHWARZER, A. WALLACE TASHIMA & JAMES M. WAGSTAFFE, FEDERAL CIVIL PROCEDURE BEFORE TRIAL § 8:414 (2004) (citing Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1051 (9th Cir. 2003)). The decision to "grant[] or den[y] . . . leave to amend rests in the sound discretion of the trial court, and will be reversed only for abuse of discretion." Id. § 8:413 (citing Swanson v. United States Forest Service, 87 F.3d 339, 343 (9th Cir. 1996)).

### IV. DISCUSSION

2

This Court grants Plaintiff leave to amend his Complaint. FED. R. CIV. P. 15(a) instructs courts to "freely give" parties leave to amend "when justice so requires." "This policy is 'to be applied with extreme liberality.'" Eminence Capital, LLC, 87 F.3d at 1051 (quoting Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 1990)).

First, and primarily, Defendant argues that this Court should deny Plaintiff's Motion because Plaintiff's proposed amendments add little, if anything, to his Complaint. According to Defendant, "Foster's [proposed] declaratory relief claim is . . . unnecessary and duplicative[]" because "all of the purported controversies raised by Foster's declaratory relief cause of action are already at issue in this case." (Defendant's Opposition to Plaintiff's Motion, hereinafter "Defendant's Opposition," Docket Item No. 59, at 4:2-5; see also Defendant's Opposition at 3:22-23 ("[Foster's Declaratory Relief claim raises] . . . the same issues that have already been raised in Foster's original complaint with respect to the first cause of action for breach of contract").) Furthermore, Defendant argues, "The same is true for Foster's request to add allegations concerning his claim that MetLife waived and/or excused certain conditions and is estopped from denying coverage based on lack of payment." (Defendant's Opposition at 4:23-25.) In Defendant's words:

> In its [sic] original pleading, Foster had already placed MetLife on notice that it is contending that MetLife breached the insurance contract and that it waived and/or excused certain conditions. Moreover, specific facts relating to these allegations have been ascertained in discovery propounded by MetLife. MetLife received sufficient notice of the claims being brought by Foster so as to prepare for trial. Accordingly, there is no reason why Foster now needs to add these facts into an amended complaint at this late stage of the case.

(Defendant's Opposition at 4:25-5:4.)

In this Court's opinion, Defendant's argument actually supports Plaintiff's Motion. If, as Defendant argues, Plaintiff's proposed amendments add little, if anything, to Plaintiff's current Complaint, then Defendant will hardly be prejudiced by Plaintiff's proposed amendments. See SCHWARZER ET AL., supra, § 8:424 ("Prejudice to opposing party: This is by far the *most important and most common reason for denying leave to amend*") (citing Eminence Capital, LLC, 316 F.3d at 1052 ("Prejudice is the touchstone of the inquiry under Rule 15(a)")). In fact, Defendant—and this Court—would be aided by Plaintiff's proposed amendments, which "provide a better chronology of

3

the relevant facts" and "better set forth the nature of Plaintiff's position in the dispute . . . ." (Plaintiff's Motion at 2:6, 2:19-20; compare Notice of Removal Ex. A at 1:1-3:20 with Declaration of John A. Shepardson Supporting Plaintiff's Motion, Docket Item No. 47, at 3:1-9:14.) Greater factual specificity will hone issues for trial and aid Defendant in answering Plaintiff's allegations more directly.

Second, Defendant argues that this Court should deny Plaintiff's Motion because permitting Plaintiff to amend his complaint would cause undue delay in the litigation. (Defendant's Opposition at 5:14-6:18.) This Court finds this argument unpersuasive. SCHWARZER ET AL., supra, § 8:427 ("If the only 'prejudice' to your client consists of expense and possible delay in getting to trial, don't count on the court denying leave to amend").

Finally, Defendant argues that this Court should deny Plaintiff's Motion because Defendant has a motion for summary judgment currently pending before this Court. (Defendant's Opposition at 6:19-7:5.) However, the authority upon which Defendant relies states that, "Where plaintiff has had adequate opportunity for discovery and defendant's motion for summary judgment is pending, leave to amend *may* be denied unless plaintiff can produce 'substantial and convincing evidence' supporting the proposed amendment." (See Defendant's Opposition at 6:21-25 (quoting SCHWARZER ET AL., supra, § 8:420.1) (emphasis added).) Notably, this language is permissive. To reduce any prejudice that would result to Defendant, this Court will permit Defendant, notwithstanding this Court's Scheduling Order, to re-file a motion for summary judgment *after* Plaintiff files his Amended Complaint.

Given that this Court must freely and liberally grant parties leave to amend their pleadings, and that minimal prejudice will result to Defendant as a result of Plaintiff's Amended Complaint, this Court, in its discretion and out of an abundance of caution, GRANTS Plaintiff's Motion.

### V.  CONCLUSION

For the reasons set forth above, this Court GRANTS Plaintiff's Motion. Plaintiff shall officially file and serve his newly Amended Complaint on or before Monday, June 27, 2005. Accordingly, this Court deems as moot Defendant's pending Motion for Summary Judgment (Docket

4

1  Item No. 53) since it is premised upon Plaintiff's original Complaint.  However, notwithstanding this

2  Court's Scheduling Order, Defendant may file and serve another Motion for Summary Judgment on or

3  before Friday, August 26, 2006—*after* Plaintiff has filed his newly Amended Complaint.  If Defendant

4  elects to file a new Motion for Summary Judgment, Defendant shall notice it for hearing, in ordinary

5  course, pursuant to the Civil Local Rules.

6  Dated:  June 14, 2005                                         /s/James Ware
                                                                 JAMES WARE
7  03cv2644mta                                                   United States District Judge

**United States District Court**
For the Northern District of California

5

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Ellen B. Kamon ekamon@sortlaw.com
John A. Shepardson johnshepardson@hotmail.com

**Dated: June 14, 2005**                    **Richard W. Wieking, Clerk**

                                          **By:/s/JWchambers**
                                              **Ronald L. Davis**
                                              **Courtroom Deputy**

**United States District Court**
For the Northern District of California