IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Edward B. Foster, | NO. C 03-02644 JW |
| Plaintiff(s), | |
| v. | **ORDER DENYING PLAINTIFF'S MOTION TO REOPEN DISCOVERY** |
| Metropolitan Life Insurance Company, et al., | |
| Defendant(s). | |

Presently before this Court is Plaintiff's Motion to Reopen Discovery (hereinafter "Plaintiff's Motion," Docket Item No. 49). Plaintiff originally filed his Motion on August 6, 2004. On November 16, 2004, this Court deemed Plaintiff's Motion as moot, believing that the parties had settled this case. (See Order to Show Cause Regarding Settlement; Order Deeming All Unresolved Motions as Moot, Docket Item No. 70.) Settlement, however, never materialized because Defendant presented inaccurate information to Plaintiff during their settlement conference. (See Order Denying Motion to Enforce Settlement; Setting Hearing Date for Motions, hereinafter "March 17, 2005 Order," Docket Item No. 87, at 2:18-19, 2:22-25.) As a result, this Court reinstated Plaintiff's Motion. (March 17, 2005 Order at 3:1-4.)

This Court denies Plaintiff's Motion to Reopen Discovery. Plaintiff argues that Defendant's most recent production of eight documents gives this Court good cause to reopen discovery. In essence, Defendant proffers a twofold counter-argument. First, Defendant argues, the documents that it

1 recently produced do not raise any new issues. (Defendant's Opposition to Plaintiff's Motion,
2 hereinafter "Defendant's Opposition," Docket Item No. 58, 4:20-5:23 (wherein Defendant analyzes,
3 document by document, its recent document production).)  Second, Defendant argues, Plaintiff cannot
4 show good cause for reopening discovery because Plaintiff "served **no** written discovery" and "took
5 **no** depositions" prior to the discovery cut-off date. (Defendant's Opposition at 3:3-4, 3:12.)  The
6 arguments advanced by Defendant in its Opposition are persuasive.  Furthermore, even the case upon
7 which Plaintiff himself relies, <u>Rosario v. Livaditis</u>, 963 F.2d 1013 (7th Cir. 1992), apparently cuts
8 against him. (Plaintiff's Motion at 3:14-17.)  As Judge Wood in that case noted, "A party who fails to
9 pursue discovery in the face of a court ordered cut-off cannot plead prejudice from his own inaction."
10 <u>Rosario</u>, 963 F.2d at 1019.

11     For these reasons, this Court DENIES Plaintiff's Motion to Reopen Discovery.

12 Dated:  June 14, 2005      /s/James Ware
       JAMES WARE
13 03cv2644reopen-disc      United States District Judge

2

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Ellen B. Kamon ekamon@sortlaw.com
John A. Shepardson johnshepardson@hotmail.com

**Dated:  June 14, 2005**                                                              **Richard W. Wieking, Clerk**

                                                                                              **By:/s/JWchambers**
                                                                                                     **Ronald L. Davis**
                                                                                                     **Courtroom Deputy**